UNITED STATES of America, Appellee,

v.

**Dale Marvin WARREN, Appellant.**

UNITED STATES of America, Appellee,

v.

**James Ralph WARREN, Appellant.**

Nos. 93–3455, 93–3496.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1994.

Decided March 10, 1994.

Rehearing Denied April 14, 1994 in No. 93–3455.

Counsel who represented appellant Dale Warren was John H. Kizer, Springfield, MO. Counsel representing appellant James Warren was M. Elise Branyan, Springfield, MO.

Counsel who represented the appellee was Cynthia J. Hyde, Springfield, MO.

Before BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges, and STROM,* District Judge.

BEAM, Circuit Judge.

Dale Marvin Warren and James Ralph Warren appeal from their convictions for three counts of manufacturing methamphetamine and one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846 and § 841(a)(1). James Ralph Warren contends that the district court erred in denying his motion for acquittal for insufficient evidence. Dale Marvin Warren raises two grounds for reversal: 1) that the district court violated his Sixth Amendment rights when it refused to allow him to ask a primary prosecution witness, Richard Carrick, questions about certain circumstances of Carrick's arrest and subsequent cooperation with the government; 2) that the court erred by admitting evidence found in a search of his rented storage unit. We affirm.

In reviewing the district court's denial of James Ralph Warren's motion for acquittal, we must examine the evidence in the light most favorable to the jury verdict, giving the government the benefit of all reasonable inferences. *United States v. Pardue,* 983 F.2d 843, 847 (8th Cir.1993) (per curiam), *cert. denied,* —— U.S. ——, 113 S.Ct. 3043, 125 L.Ed.2d 728 (1993). We must affirm unless we conclude that a reasonable factfinder could not have found guilt beyond a reasonable doubt. *Id.* At trial, the government presented co-conspirator testimony and other material evidence against James Ralph Warren. After a review of the record, we cannot conclude that the jury *must* have entertained a reasonable doubt as to James Ralph Warren's guilt. *United States v. Rork,* 981 F.2d 314, 316 (8th Cir.1992). Therefore, we must affirm James Ralph Warren's convictions.

Dale Marvin Warren contends that he was denied his Sixth Amendment right to confront a witness when the district court did not allow him to cross-examine Richard Carrick about his children. Warren suggests that Carrick's children were taken into protective custody when Carrick was arrested and that Carrick's cooperation with the government was a desperate attempt to regain his children. If Dale Marvin Warren had made an adequate showing to the district court in support of this theory, we might agree that Warren should have been able to raise the issue on cross-examination. However, on the record before us, we cannot conclude that the trial court abused its discretion in refusing to permit cross-examination on this topic. *See United States v. Bennett,* 956 F.2d 1476, 1484 (8th Cir.1992) (abuse of discretion review for rulings on scope of cross-examination.) Warren had an opportunity to vigorously cross-examine Carrick about the other circumstances of his arrest. Therefore, we cannot find that the district court's ruling resulted in any prejudice to Warren.

Dale Marvin Warren's claim that the evidence discovered during a search of his rental unit should have been suppressed similarly fails. The search was conducted with

* The HONORABLE LYLE E. STROM, Chief Judge of the United States District Court for the District of Nebraska, sitting by designation.

James Ralph Warren's consent. James Ralph Warren was authorized for access to the rental unit and had authority to consent to the search. The consent to search form adequately identified the property to be searched. Therefore, the district court did not err by admitting the evidence uncovered during the search.

Accordingly, we affirm the convictions of James Ralph Warren and Dale Marvin Warren.