**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-4271

_____

United States of America,      *
                                       *

           Appellee,        *

                                         *

        v.                   * Appeal from the United States
                                         * District Court for the

Charles Friend,                * Western District of Arkansas.
                                         *

           Appellant.       *      [UNPUBLISHED]

_____

Submitted: December 19, 1997
Filed: December 29, 1997

_____

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

A jury found Charles Friend guilty of attempting to injure a government building, in violation of 18 U.S.C. §§ 7(3) and 1363 (1994), and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (1994). The District Court[1] sentenced Friend to a total of 135 months in prison and three years of supervised release, and ordered him to pay a $5,000 fine. On appeal, counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), raising trial and sentencing errors.

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

Although the Court invited Friend to file a pro se supplemental brief, he has not done so. We affirm.

Counsel first argues that the District Court should have granted his Federal Rule of Criminal Procedure 29 motions for acquittal, which he made on behalf of Friend at the close of the government's evidence, and again when the defense rested. In reviewing the denial of these motions, we examine the evidence in the light most favorable to the jury verdict and give the government the benefit of all reasonable inferences. See United States v. Warren, 18 F.3d 602, 603 (8th Cir.), cert. denied, 513 U.S. 1050 (1994). After conducting such an examination of the evidence--which included eyewitness testimony--we conclude that the District Court did not err in refusing to grant the Rule 29 motions. See Warren, 18 F.3d at 603 (court must affirm unless it concludes fact finder could not have found guilt beyond reasonable doubt).

Counsel also argues that the District Court erred in enhancing Friend's base offense level under U.S. Sentencing Guidelines Manual 3B1.3 (Nov. 1, 1997) (add two levels when defendant has "abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense"). We review a district court's factual findings at sentencing for clear error, and we review de novo the application of the Guidelines to the facts. See United States v. Darden, 70 F.3d 1507, 1544 (8th Cir. 1995), cert. denied, 116 S. Ct. 1449, and cert. denied, 116 S. Ct. 2567 (1996). Here, the record shows that Friend, who managed a bail-bonding company, posted bond for someone at no charge and then solicited that person's participation in burglarizing a factory, which resulted in Friend's receipt of the firearms underlying the felon-in-possession charges and linked to his attempt-to-injure offense. Based on these facts, we conclude the District Court did not err in assessing the enhancement. Cf. United States v. Armstrong, 992 F.2d 171, 173-74 (8th Cir. 1993) (prison drill-camp instructor abused public trust when he used his supervisory position to interact with inmates and solicit their help in counterfeiting scheme).

After reviewing the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.