# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-4139

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Dale Marvin Warren, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 9, 1997
Filed: July 13, 1998

_____

Before FAGG, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

BEAM, Circuit Judge.

In this 28 U.S.C. § 2255 habeas corpus action, both Dale Marvin Warren and the government contend that Warren's sentence is incorrect. We have denied the government's motion for a remand and now affirm the district court.[1]

_____

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

## I.     BACKGROUND

Warren was convicted of one count of conspiracy to manufacture and distribute methamphetamine and phenyl-2-propanone (P2P) and three counts of manufacturing methamphetamine or P2P in violation of 21 U.S.C. §§ 846 and 841(a)(1). He was sentenced to a prison term of 151 months on each count, to run concurrently. His convictions and sentence were affirmed on direct appeal. United States v. Warren, 18 F.3d 602 (8th Cir. 1994).

Warren then filed this 28 U.S.C. § 2255 motion, contending, among other things, that his counsel was ineffective in failing to require the government to prove that the drug he manufactured was dextromethamphetamine (d-meth), rather than levomethamphetamine (l-meth), which, he contends, should have resulted in a shorter sentence under the United States Sentencing Guidelines. The government acknowledged that it had not proved at trial that the substance was d-meth, but urged the district court to resentence Warren to the ten-year mandatory minimum under 21 U.S.C. § 841(b)(1), which does not differentiate between d-meth and l-meth. The district court accordingly reduced Warren's sentence to 120 months and found Warren's other arguments to be moot.

On appeal, Warren contends that he was improperly resentenced. He contends: (1) the mandatory minimum statute does not apply to one of the counts against him; and (2) that the rule of lenity requires that he should have been sentenced to a five-year rather than a ten-year mandatory minimum sentence because of ambiguity in the statute. The government also seeks a remand. It contends that it erroneously urged the district court to resentence Warren to the 120-month mandatory minimum sentence and seeks reinstatement of Warren's 151-month sentence. The government seeks to adduce evidence that, although it failed to prove at trial that the substance Warren manufactured was d-meth, the manufacturing process that it proved he used would always produce d-meth.

## II.   DISCUSSION

In order to demonstrate ineffective assistance of counsel in connection with these sentencing issues, Warren must show:  (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  We find that Warren cannot prove that counsel's performance prejudiced him.

Warren was convicted of three substantive counts of manufacturing methamphetamine and one count of conspiracy to manufacture and distribute methamphetamine.  Although one count of manufacturing methamphetamine predated the date on which methamphetamine was added to the list of drugs covered by the mandatory minimum statute, 21 U.S.C. § 841(b)(1) (effective November 18, 1988), that fact is of no consequence because Warren's sentence on the conspiracy count runs concurrently with his sentences on the substantive counts and conspiracy is a continuing offense.  See United States v. Wayne, 903 F.2d 1188, 1196 (8th Cir. 1990).  As long as the conspiracy continues  beyond the effective date of the statute, a court may sentence a conspirator under the statute without violating the ex post facto clause of the Constitution.  See id. at 1196-97.  Warren's conspiracy to manufacture and distribute methamphetamine continued beyond the effective date of the statute.

Warren argues that, because there was a typographical error in the statute at the time of his offense, the rule of lenity requires that this action be remanded so that he can be resentenced to a five-year—instead of a ten-year—mandatory minimum sentence.  Under our present sentencing scheme, punishment for a drug trafficking offense is dependent upon the quantity of the controlled substance involved.  See Chapman v. United States, 500 U.S. 453, 460 (1991).  Congress has thus set mandatory minimum sentences corresponding to the weight of mixtures or substances containing the drugs.  See id. at 460-61.  It intended the penalties for drug trafficking to be graduated according to the weight of the drugs whether they are found pure or

mixed.  See id.  In keeping with the theme of graduated penalties based on quantities, the section at issue was structured to provide, first, a five-year mandatory minimum for a lesser quantity of both pure and mixed methamphetamine and, then, a ten-year mandatory minimum for a larger quantity.  See 21 U.S.C. § 841(b)(1)(A)(viii) and (B)(viii) (1988).

At the time of Warren's offense, because of a typographical error, the same amount of a quantity of a mixture—100 grams—was listed as triggering both the five-year and the ten-year mandatory minimum sentences.[2]  Compare 21 U.S.C. § 841(b)(1)(A)(viii) with 21 U.S.C. § 841(b)(1)(B)(viii) (1988).  Warren argues that the statute provided two different penalties for the same offense and that, because both the five- and ten-year minimum sentences were triggered by manufacture of the same amount—100 grams, he should have the benefit of the shorter sentence.

Warren's argument is unavailing.  The rule of lenity is a rule of narrow construction "rooted in the concern of the law for individual rights, and in the belief that fair warning should be accorded as to what conduct is criminal and punishable by deprivation of liberty or property."  Huddleston v. United States, 415 U.S. 814, 831 (1974).  Although penal laws are to be construed strictly, they should not be construed so strictly as to defeat the obvious intention of the legislature.  See id.

It is true that the rule of lenity generally requires that doubts be resolved in favor of a defendant where there is ambiguity in a criminal statute.  See United States v. Bass, 404 U.S. 336, 348 (1971).  The rule of lenity, however, is not applicable unless there is a "grievous ambiguity or uncertainty in the language and structure" of the statute.  Huddleston, 415 U.S at 831.  Lenity is reserved for those situations in which

---

[2]The quantity necessary to trigger the ten-year minimum was intended to be 1000 grams, and it was later amended.  See United States v. Kinder, 946 F.2d 362, 367 & n. 2 (5th Cir. 1991).

a reasonable doubt persists about a statute's intended scope even after resort to the language, structure, legislative history, and motivating policies of the statute. See Moskal v. United States, 498 U.S. 103, 108 (1990). It will be invoked only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended. See Muscarello v. United States, 118 S. Ct. 1911, 1919 (1998). Lenity is not appropriate in those cases where a defendant is convicted of violating two separate provisions of a statute and Congress has "authorize[d] for each of [those] two offenses what may seem to some to be harsh punishment." See Callanan v. United States, 364 U.S. 587, 597 (1961). Thus, the rule of lenity does not "automatically permit[] a defendant to win." Muscarello, 118 S. Ct. at 1919.

We perceive no grievous ambiguity or uncertainty in the language and structure of the statute. The statute in question clearly proscribes Warren's conduct. It accorded him fair warning that he faced the sanction of incarceration for at least ten years for manufacturing more than 100 grams of a mixture containing methamphetamine. As noted, our entire drug offense sentencing scheme is premised on drug quantity. Here, the evidence showed that Warren was involved in the manufacture of 32 kilograms (32,000 grams) of methamphetamine. Under the circumstances, we cannot find that Warren was short of notice that he was eligible for a long sentence. We find no "absurd or glaringly unjust" result. See Chapman, 500 U.S. at 463. Thus we will not "blindly incant the rule of lenity to 'destroy the spirit and force of the law which the legislature intended to [and did] enact.'" Huddleston, 415 U.S. at 832 (quoting American Tobacco Co. v. Werckmeister, 207 U.S. 284, 293 (1907) (alteration in original)).

Although we summarily denied the government's motion for a remand, it again seeks a remand in its brief on the merits.[3] It seeks to adduce evidence that Warren's

---

[3]Warren has filed a motion to strike the government's arguments in this regard. In light of our disposition, we deny Warren's motion as moot.

manufacturing process would always have resulted in d-meth. The government did not present this argument or evidence to the district court. We will not generally consider issues that were not presented to the district court in the first instance. See First Bank Investors' Trust v. Tarkio College, 129 F.3d 471, 477 (8th Cir. 1997). The district court concluded that the statutory minimum of 120 months was greater than the applicable Guideline range, given the concession by the government that it had not proved that the substance was d-meth. We are not inclined to disturb that finding and decline to revisit the l-meth/d-meth issue.

Offenses, like Warren's, that involve "100 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 1 kilogram or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers" are subject to a ten-year mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(A)(viii). This mandatory minimum statute, unlike the Sentencing Guidelines, does not differentiate between d-methamphetamine and l-methamphetamine. See United States v. Maza, 93 F.3d 1390, 1400 n.4 (8th Cir. 1996), cert. denied, 117 S. Ct. 1008 (1997). When "a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. §5G1.1(b). See also United States v. Stoneking, 60 F.3d 399, 402 (8th Cir. 1995) (en banc) (holding that when a statute and a guideline conflict, the statute controls), cert. denied, 516 U.S. 1119 (1996).

## III.   CONCLUSION

We have reviewed Warren's other arguments and find them lacking in merit. Accordingly, Warren's sentence is affirmed.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

Because the plain meaning of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 841(b)(1)(B)(viii) (1988) in effect at the relevant time provided two different punishments for the same act, I believe that the rule of lenity requires a court to apply the less stringent penalty of the two. That is what the Fifth Circuit concluded in United States v. Kinder, 946 F.2d 362, 367-68 (5th Cir. 1991), cert. denied, 503 U.S. 987, 504 U.S. 946 (1992), and the cases cited there, and I think that it did so correctly. The Supreme Court observed in United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 221-22 (1952), that "when choice has to be made between two readings of what Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite." I see no reason why the same principle should not apply to ambiguous sentencing statutes, and it would not be easy to concoct a more literally ambiguous sentencing scheme than the one involved in this case. Indeed, this case presents an instance of what might plausibly be termed an express ambiguity.

I would therefore vacate the sentence imposed in this case and remand to the district court for resentencing. I would affirm the district court's judgment in all other respects.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.