[Cite as *State v. Williams*, 2012-Ohio-3211.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| SHANNON L. WILLIAMS | : | Case No. 11-CA-115 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Licking County
Court of Common Pleas, Case No.
11CR00269


JUDGMENT:          Affirmed/Reversed in Part &
Remanded


DATE OF JUDGMENT:          July 12, 2012


APPEARANCES:

For Plaintiff-Appellee

EARL L. FROST
20 South Second Street
4th Floor
Newark, OH 43055

For Defendant-Appellant

ERIC W. BREHM
604 East Rich Street
Suite 2100
Columbus, OH 43215

*Farmer, J.*

{¶1} On June 6, 2011, the Licking County Grand Jury indicted appellant, Shannon Williams, on one count of aggravated trafficking in drugs (Psilocybin/Psilocin mushrooms) in violation of R.C. 2925.03, one count of aggravated possession of drugs (Psilocybin/Psilocin mushrooms) in violation of R.C. 2925.11, two counts of possession of drugs (LSD and marijuana) in violation of R.C. 2925.11, and one count of possession of drug paraphernalia in violation of R.C. 2925.14.

{¶2} A jury trial commenced on October 18, 2011. The jury found appellant guilty as charged save for the possession of marijuana count which was tried to the bench. The trial court found appellant guilt of said charge. By judgment entry filed October 20, 2011, the trial court sentenced appellant to an aggregate term of six years in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE TRIAL COURT DID ERR BY IMPOSING MULTIPLE PRISON SENTENCES, WHEN THE OFFENSES WERE ALLIED OFFENSES OF SIMILAR IMPORT."

II

{¶5} "THE TRIAL COURT DID ERR BY IMPOSING CONSECUTIVE SENTENCES."

III

{¶6} "THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."

I

{¶7} Appellant claims the trial court erred in failing to merge his convictions for aggravated trafficking in drugs and aggravated possession of drugs as both offenses resulted from the same conduct under *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314.

{¶8} The *Johnson* court held the following at ¶48-51:

{¶9} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. *Blankenship,* 38 Ohio St.3d at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ('It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses.' [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

{¶10} "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a

single act, committed with a single state of mind.' *Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).

{¶11} "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

{¶12} "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge."

{¶13} Appellant was convicted of aggravated trafficking in drugs (Psilocybin/Psilocin mushrooms) in violation of R.C. 2925.03(A)(1) and (2)(C)(1)(a) and aggravated possession of drugs (Psilocybin/Psilocin mushrooms) in violation of R.C. 2925.11(A) and (C)(1)(c). Appellant argues the sale of drugs and the possession of drugs on the same date constitute the same animus.

{¶14} In *State v. Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, ¶29, the Supreme Court of Ohio explained the following:

{¶15} "We begin by comparing the elements of possessing a controlled substance under R.C. 2925.11(A) and trafficking in a controlled substance under R.C. 2925.03(A)(1). To be guilty of possession under R.C. 2925.11(A), the offender must 'knowingly obtain, possess, or use a controlled substance.' To be guilty of trafficking under R.C. 2925.03(A)(1), the offender must knowingly sell or offer to sell a controlled substance. Trafficking under R.C. 2925.03(A)(1) requires an intent to sell, but the offender need not possess the controlled substance in order to offer to sell it. Conversely, possession requires no intent to sell. Therefore, possession under R.C.

2925.11(A) and trafficking under R.C. 2925.03(A)(1) are not allied offenses of similar import, because commission of one offense does not necessarily result in the commission of the other."

{¶16} The specific facts in this case establish that undercover agents were at Buckeye Lake Music Center at a "Hookahville" concert observing for illegal narcotics activity. T. at 72-74. Appellant and another individual walked by Licking County Sheriff's Detective Kyle Boerstler and stated "they had shrooms, which to me means Psilocybin mushrooms." T. at 75. Detective Boerstler asked if they were any good and appellant produced a bag of mushrooms and stated the price was $60.00. Id.

{¶17} Appellant carried the mushrooms in a black backpack. T. at 75-76; State's Exhibits 7E and 8. Detective Boerstler did not make a purchase, and appellant's companion stated if he wished to make a purchase later, they would be at their tent and pointed out its location. T. at 78-79. Detective Boerstler observed the two go to their tent and sit down. T. at 78. As uniformed deputies were approaching appellant, appellant dropped the black backpack by another tent and walked away. T. at 80. Appellant's companion retrieved the black backpack and placed it inside their tent. T. at 82.

{¶18} After appellant and his companion were arrested, Detective Boerstler entered the tent and found the black backpack plus a "black Under Armour bag, there was, like, a green backpack, a tan bag and a gray bag." T. at 84. The black Under Armour bag contained a large plastic bag of Psilocybin mushrooms. T. at 85-86; State's Exhibits 7F and 10.

{¶19} Appellant argues the offer to sell mushrooms from the black backpack and the possession of mushrooms found in the black Under Armour bag in his tent constitute the same conduct. We disagree.

{¶20} The sale or offer to sell mushrooms to Detective Boerstler was a separate and distinct act from the possession of mushrooms harbored separately in the tent in a different bag. This does not contradict this court's decision in *State v. Montgomery,* Licking App. No. 10-CA-75, 2011-Ohio-1881, because the Psilocybin mushrooms offered for sale were not one and the same found in the tent in the black Under Armour bag. The act of selling or offering was separated in time and space from the possession of different mushrooms in a different bag in a different location.

{¶21} Upon review, we find the trial court did not err in failing to merge the convictions.

{¶22} Assignment of Error I is denied.

II

{¶23} Appellant claims the trial court erred in imposing consecutive sentences without engaging in judicial fact-finding as now required by H.B. No. 86. We agree.

{¶24} H.B. No 86 amended subsection (E)(4) of R.C. 2929.14 [now subsection (C)(4)] and subsection (A) of R.C. 2929.41, effective September 30, 2011, and now state the following, respectively:

{¶25} "(C)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are

not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶26} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶27} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶28} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶29} "(A) Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States.  Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution."

{¶30} In its brief at 7, the state concedes a "trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing when imposing consecutive or maximum sentences."

{¶31} Although the trial court stated it was sentencing appellant under the sentencing principles of R.C. 2929.11 and the seriousness and recidivism factors, we find this is not judicial fact-finding under the H.B. No. 86 amendments.

{¶32} Assignment of Error II is granted for resentencing under H.B. No. 86.

III

{¶33} Appellant claims he was denied the effective assistance of trial counsel for his counsel's failure to request an analysis of the facts under *Johnson,* supra, and to object to the imposition of consecutive sentences. We disagree.

{¶34} The standard this issue must be measured against is set out in *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:

{¶35} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

{¶36} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

{¶37} Consistent with our opinion in Assignment of Error I and our remand for resentencing in Assignment of Error II, we find no undue prejudice to appellant.

{¶38} Assignment of Error III is denied.

{¶39} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed in part, reversed in part, and remanded to said court for resentencing under H.B. No. 86.

By Farmer, J.

Wise, J. concur and

Hoffman, P.J. concurs separately

_s/ Sheila G. Farmer_____

s/ John W. Wise_____

_____

JUDGES

SGF/sg 614

*Hoffman, P.J., concurring*

**{¶40}** I concur in the majority opinion. I write separately only to clarify my position in case the majority opinion might be interpreted as adopting the State's concession a trial court is separately required to state its reasons for finding consecutive sentences are warranted. I find the trial court does not need to state its reasons in addition to making the statutorily enumerated findings.

**{¶41}** In 2003, the Ohio Supreme Court held in *State v. Comer,* 99 Ohio St.3d 463, 2003-Ohio-4165, a court may not impose consecutive sentences unless it "finds" three statutory factors enumerated in then 2929.14(E)(4). The statutory factors were the same as those now enumerated in the revised version of R.C. 2929.14(C)(4) following enactment of H.B. 86. The revised version of the statute again requires the trial court to "find" the factors enumerated.

**{¶42}** The Court in *Comer*, supra, read R.C. 2929.14(E)(4): as it existed then, in conjunction with then R.C. 2929.19(B) to reach its conclusion the trial court must also state its reasons for the sentence imposed. Then R.C. 2929.19(B) stated the trial court "shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:

**{¶43}** "***

**{¶44}** "(c) if it imposes consecutive sentences under R.C. 2929.14…"

**{¶45}** H.B. 86 revised the statutory language in R.C. 2929.19(B), which now reads:

**{¶46}** "(B) At the sentencing hearing, the court, before imposing sentence, shall *consider* the record, any information presented…" (Emphasis added.)

{¶47} Accordingly, the requirements specified in *Comer* have been superseded by the revisions of H.B. 86. *Comer* held when R.C. 2919.19(B), as it then existed, was read in conjunction with then existing R.C. 2929.14 clearly stated the legislative intent to require a trial court to make the statutorily enumerated findings <u>and</u> to give reasons supporting those findings. Revised R.C. 2929.19, following the enactment of H.B. 86, does not require the trial court to give its reasons for selecting the sentence imposed. Rather, R.C. 2929.14 now clearly states the trial court may impose a consecutive sentence if it "finds" the statutorily enumerated factors.

_____

HON. WILLIAM B. HOFFMAN

[Cite as *State v. Williams*, 2012-Ohio-3211.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SHANNON L. WILLIAMS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-115 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed in part, reversed in part, and remanded to said court for resentencing under H.B. No. 86. Costs to appellant.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ John W. Wise_____

JUDGES