[Cite as *State v. Hess*, 2013-Ohio-10.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

      Plaintiff-Appellee                      :         C.A. CASE NO.     25144

v.                                               :         T.C. NO.     11CR4007/1

NATHAN HESS                                      :         (Criminal appeal from
                                                           Common Pleas Court)

      Defendant-Appellant                     :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___4th___ day of ___January___, 2013.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W.
Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

BRYAN K. PENICK, Atty. Reg. No. 0071489, 1800 Lyons Road, Dayton, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}    Nathan Hess appeals from his sentencing for breaking and entering on the

ground that the trial court erred in requiring him to serve his eight-month sentence

consecutively to a sentence already imposed in another Montgomery County case. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} Nathan Hess pled guilty to breaking and entering, a fifth-degree felony. In exchange for the plea, the parties agreed that Hess would serve no more than an eight-month sentence. At the plea hearing, the State indicated that the parties did not agree whether that term would be served concurrently with or consecutively to a sentence that Hess was already serving in another Montgomery County case. The State informed the court that it would be requesting consecutive sentencing, and Hess stated that he understood that. The court accepted Hess's guilty plea and ordered a pre-sentence investigation.

{¶ 3} On March 15, 2012, the date of Hess's scheduled sentencing hearing, the court indicated that a sentencing issue had arisen, namely whether, pursuant to 2011 Am.Sub. H.B. 86, "this can be a consecutive sentence or not." The court continued the sentencing hearing for one week.

{¶ 4} At his sentencing on March 22, 2012, Hess argued that the exceptions to concurrent sentencing outlined in R.C. 2929.41(A), as amended by H.B. 86, did not permit the court to order a prison term to be served consecutively to another prison term that was currently being served in Ohio. Hess further argued that, if the current language of R.C. 2929.41(A) contained a typographical error by the legislature, any benefit or ambiguity would inure to his benefit and the language should be strictly construed against the State.

{¶ 5} The trial court indicated that its "view of statutory construction is different than that," and it ordered Hess's eight-month sentence to be served consecutively to the sentence imposed in Montgomery C.P. No. 09-CR-533, for which he was already serving a

term of imprisonment.

{¶ 6}    Hess appeals from the trial court's judgment, claiming that "[t]he trial court erred in imposing a consecutive sentence on [him]."

{¶ 7}    At the time of Hess's sentencing in March 2012, R.C. 2929.41(A) read:

Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States.  Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

{¶ 8}    R.C. 2929.41(A) thus established a presumption that multiple sentences will be served concurrently.   It further set forth exceptions to the presumption of concurrent sentencing, which could be found at R.C. 2929.41(B), R.C. 2929.14(E), R.C. 2971.03(D), and R.C. 2971.03(E).  It is undisputed that R.C. 2929.41(B) and R.C. 2971.03(D) and (E) are inapplicable to Hess.

{¶ 9}    Prior to H.B. 86, R.C. 2929.14(E)(4) required, as a predicate to imposing consecutive sentences, a finding that "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender

poses to the public," as well as one of three additional findings. Former R.C. 2929.14(E)(4). In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 270, the Ohio Supreme Court held that the statutory requirement to make certain findings before imposing consecutive sentences violated the United States Constitution, and it severed that requirement from the statute. *Id.* at ¶ 99-102.

{¶ 10}    In 2009, after *Foster,* the United States Supreme Court decided *Oregon v. Ice,* 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), which upheld a statute requiring judicial fact-finding before imposing consecutive sentences. Several Ohio defendants subsequently argued that the statutory sections concerning consecutive sentences that were severed in *Foster* were "resurrected." The Ohio Supreme Court rejected that argument, but held that the Ohio legislature could reenact those provisions. *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 39.

{¶ 11}    With H.B. 86, Ohio's sentencing scheme again requires judicial fact-finding for consecutive sentences. R.C. 2929.41(A), which was severed by *Foster*, was reenacted without alteration. Former R.C. 2929.14(B) and (C), which had been severed, were formally deleted, and the judicial fact-finding requirement for consecutive sentencing, previously set forth in R.C. 2929.14(E), was reenacted and codified as R.C. 2929.14(C).

{¶ 12}    R.C. 2929.14(E) now provides that the trial court "shall impose sentence upon the offender in accordance with section 2971.03 of the Revised Code, and Chapter 2971. of the Revised Code applies regarding the prison term or term of life imprisonment without parole imposed upon the offender and the service of that term of imprisonment" if any of six enumerated conditions apply. None of the six conditions applies to Hess.

{¶ 13} R.C. 2929.41(A), as amended by H.B. 86, failed to reflect the renumbering of the judicial fact-finding requirements for consecutive sentencing from R.C. 2929.14(E) to R.C. 2929.14(C). And it is apparent that the reference to R.C. 2929.14(E), rather than R.C. 2929.14(C), in R.C. 2929.41(A) is a typographical error. As noted by the Eighth District, given that R.C. 2929.41(A), as amended by H.B. 86, already referred to specific subsections of R.C. 2971.03, "the further reference to R.C. 2929.14(E), which points to other portions of R.C. 2971.03, appears to be surplusage. * * * [C]ourts must avoid statutory interpretations that render any part of a statute 'surplusage or nugatory.'" *State v. Ryan*, 8th Dist. Cuyahoga No. 98005, 2012-Ohio-5070, ¶ 15, citing *Westgate Ford Truck Sales, Inc. v. Ford Motor Co.*, 2012-Ohio-1942, 971 N.E.2d 967, ¶ 14 (8th Dist.).

{¶ 14} Moreover, in Section 11 of H.B. 86, the Ohio legislature articulated its legislative intent in amending R.C. 2929.14 and R.C. 2929.41. It stated:

In amending division (E)(4) of section 2929.14 and division (A) of section 2929.41 of the Revised Code in this act, *it is the intent of the General Assembly to simultaneously repeal and revive the amended language in those divisions* that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1. The amended language in those divisions is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, and the Ohio Supreme Court's decision in *State v. Hodge* (2010), * * *, Slip Opinion No. 2010-Ohio-6320 and, although constitutional under *Hodge, supra,* that language is not enforceable until deliberately revived by the General Assembly.

(Emphasis added.)

{¶ 15}  We further note that, in 2012 Am.Sub. S.B. 337, effective September 28, 2012, the legislature corrected the improper reference to R.C. 2929.14(E), and R.C. 2929.41(A) now refers to R.C. 2929.14(C).

{¶ 16}   Hess argues that we must strictly construe R.C. 2929.41(A), which, at the time of his sentencing, referred to R.C. 2929.14(E), and find that consecutive sentences were not authorized by law in his case.  *See State v. Beauford*, 10th Dist. Franklin No. 01AP-1166, 2002 WL 723804 (Apr. 25, 2002) (reversing consecutive sentences for firearm specifications due to "typo" in R.C. 2929.14(E)(1)).  He emphasizes that R.C. 2901.04(A) requires statutory language that defines offenses and penalties to be "strictly construed against the state, and liberally construed in favor of the accused."

{¶ 17}  The Eighth District rejected a similar argument in *Ryan*.  We quote extensively from that opinion:

> After reaching the conclusion that the legislature erred, the next question is whether we may apply the statute as the legislature intended it to be applied, rather than according to the literal text of the statute.  R.C. 2901.04(A) states that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."  As noted by this court in *State v. Virasayachack*, 138 Ohio App.3d 570, 741 N.E.2d 943 (8th Dist.2000), "[o]rdinarily, we must presume the legislature means what it says; we cannot amend statutes to provide what we consider a more logical result."  *Id.* at 574, 741 N.E.2d 943.

However, *Virasayachack* also reasoned that:

> when the terms of the statute, as written, would never be applicable, and the simple substitution of one character would result in a term that would always be applicable, we must conclude that the statute contains an obviously typographical error, and we may correct the error and give effect to the obvious intent of the statute.

*Id.* at 574, 741 N.E.2d 943, citing *Brim v. Rice,* 20 Ohio App.2d 293, 295–296, 253 N.E.2d 820 (1st Dist.1969).  Additionally, in *State v. Gomez,* 9th Dist. Nos. 25496 and 25501, 2011-Ohio-5475, 2011 WL 5067230, the court held that:

> [w]hen it appears beyond a doubt that a statute, when read literally as printed, is impossible of execution, *or will defeat the plain object of its enactment,* or is senseless, or leads to absurd results or consequences, a court is authorized to regard such defects as the result of error or mistake, and to put such construction upon the statute as will correct the error or mistake by permitting the clear purpose and manifest intention of the Legislature to be carried out.

(Emphasis added and internal citation omitted.) *Id.* at ¶ 30.

This court is further persuaded by the words of the United States Supreme Court in *Chickasaw Nation v. United States,* 534 U.S. 84, 122 S.Ct.

528, 151 L.Ed.2d 474 (2001). In that case, the court noted that "canons [of statutory interpretation] are not mandatory rules. They are guides that need not be conclusive" and are intended to assist courts in determining the legislative intent underlying a statute. (Internal quotation marks and citation omitted.) *Id.* at 94, 122 S.Ct. 528, 151 L.Ed.2d 474. To the extent that the appellant's strictly textual reading of R.C. 2929.41(A) and appellant's rule of lenity argument runs contrary to the legislative intent evinced by Section 11 of H.B. 86, those arguments cannot be allowed to overcome the intent of the legislature.

The principles referenced in *Chickasaw Nation* and the precedents of *Virasayachack* and *Gomez* lead us to conclude that we are empowered to "correct" the typographical error caused by the amendments contained in H.B. 86 in order to effectuate the legislative intent of the General Assembly. In further support of this conclusion, we note that despite the legislative drafting error in H.B. 86, subsequent cases have recognized the connection between R.C. 2929.41(A) and 2929.14(C) and applied the sentencing scheme as the legislature intended. *See State v. Williams,* 5th Dist. No. 11-CA-115, 2012-Ohio-3211, 2012 WL 2877549, at ¶ 23-32 (recognizing the interplay of the two statutes but remanding due to a lack of required judicial fact-finding); *State v. Petkovic,* 8th Dist. No. 97548, 2012-Ohio-4050, 2012 WL 3862140, at ¶ 27-34 ("The crux of defendant's argument is that the court failed to make the *R.C. 2929.14(C)(4) findings revived by Am. Sub. H.B. 86* before imposing

consecutive sentences.") (Emphasis added.)

*Ryan* at ¶ 20-22.

{¶ 18}  We agree with the Eighth District's resolution of Hess's argument, and conclude that the trial court appropriately found that it could impose consecutive sentences under R.C. 2929.14(C).  "Lenity is reserved for those situations in which a reasonable doubt persists about a statute's intended scope even after resort to the language, structure, legislative history, and motivating policies of the statute."  *United States v. Warren*, 149 F.3d 825, 828 (8th Cir.1998).  In this case, it is clear that the Ohio legislature intended to reference R.C. 2929.14(C), rather than R.C. 2929.14(E).  We will not employ the rule of lenity to defeat the obvious intention of the legislature.  *See id.*

{¶ 19}  Hess's assignment of error is overruled.

{¶ 20}  The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Carley J. Ingram
Bryan K. Penick
Hon. Mary L. Wiseman