**[Cite as *State v. Simpson*, 2013-Ohio-1695.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO

      Plaintiff-Appellee

v.

KERON D. SIMPSON

      Defendant-Appellant

Appellate Case No.    25202

Trial Court Case No.   2010-CR-4077

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 26th day of April, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

JON PAUL RION, Atty. Reg. No. 0067020, NICOLE RUTTER-HIRTH, Atty. Reg. No. 0081004, 130 W. Second Street, Suite 2150, P.O. Box 1262, Dayton, Ohio 45402
      Attorneys for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Defendant-Appellant, Keron Simpson, appeals from his prison sentence following a guilty plea to Aggravated Robbery with a firearm specification.  Simpson argues that the trial court erred by imposing consecutive prison sentences under former R.C. 2929.41(A).  He also argues that his guilty plea was not knowing and voluntary because the trial court failed to inform him that his sentence in this case could run consecutively to sentences imposed in his other two criminal cases.  We conclude that the trial court properly imposed consecutive prison sentences and that the trial court was not required to advise Simpson of consecutive sentencing. The judgment of the trial court will be affirmed.

### I. Facts & Course of Proceedings

{¶ 2}    On March 22, 2012, Keron Simpson pled guilty to Aggravated Robbery with a firearm specification, a felony of the first degree.  Prior to his plea, the trial court advised Simpson that it would issue a sentence below ten years, but explained that the sentence "could be a consecutive sentence."   Transcript, p. 2, ln. 17.   After Simpson pled guilty,  the trial court then stated, "the Court has indicated to [Simpson] that each sentence will be a sentence of less than ten years.  But that it could be a consecutive sentence to the sentence that the Court has already imposed."  Transcript, p. 11, ln. 20-23.  Simpson had two other criminal sentences imposed in separate Montgomery County Common Pleas Case Nos. 2011-CR-1156/1 and 2010-CR-4101.

{¶ 3}    At Simpson's sentencing hearing, defense counsel argued that the trial court could not impose consecutive sentences, given the plain language of R.C. 2929.41(A).    The trial

court reviewed the precedent for interpreting R.C. 2929.41(A) and determined that the statute contained a clerical error. The court further determined that it was authorized to interpret the statute as intended by the legislature, and thus corrected the error. Under the corrected interpretation, the trial court found that R.C. 2929.41(A) did not preclude the court from imposing consecutive sentences. The trial court then sentenced Simpson to a prison term of six years, (three years for Aggravated Robbery and three years for the firearm specification), and ordered the sentence to run consecutively with Case No. 2011-CR-1156/1 and counts six and seven of Case No. 2010-CR-4101, and concurrently to all other counts in Case No. 2010-CR-4101.

{¶ 4}    On May 17, 2012, Simpson appealed the trial court's sentence.

### II. Did the Trial Court Err in Imposing Consecutive Prison Sentences?

{¶ 5}    Simpson's First Assignment of Error states that:

The Trial Court Erred in Imposing a Consecutive Sentence Because R.C. 2929.41 Specifically Prohibited Imposition of that Sentence.

{¶ 6}    Under this assignment of error, Simpson argues that at the time of his sentencing, the plain language of R.C. 2929.41(A) prohibited the trial court from issuing consecutive prison sentences. At the time Simpson was sentenced, R.C. 2929.41(A) stated:

Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be

served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution. Former R.C. 2929.41(A) effective as of April 11, 2012.

{¶ 7} This version of the statute provides for concurrent sentences subject to certain referenced exceptions, one of which was identified as R.C. 2929.14(E). In *State v. Hess*, 2d Dist. Montgomery No. 25144, 2013-Ohio-10 we noted that the reference to R.C. 2929.14(E) was a typographical error. *Id.* at ¶ 13. The statute was intended to reference R.C. 2929.14(C), which states:

> if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(c) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division or under division (B)(1)(d) of this section, consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A),(B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

{¶ 8} When applied to this case, R.C. 2929.14(C) requires Simpson's prison term to run

consecutively to any other prison term previously or subsequently imposed. However, the typographical error in R.C. 2929.41(A) was not corrected by the legislature until five months after Simpson was sentenced.[1] Accordingly, Simpson argues that we must apply R.C. 2929.41(A) as it was written before the correction, despite the obvious typographical error.

{¶ 9} This exact argument was addressed and rejected in *Hess*, 2d Dist. Montgomery No. 25144, 2013-Ohio-10. We concluded in *Hess* that the trial court was permitted to issue consecutive sentences because "it is clear that the Ohio legislature intended to reference R.C. 2929.14(C), rather than R.C. 2929.14(E). We will not employ the rule of lenity to defeat the obvious intention of the legislature." (Citation omitted.) *Id.* at ¶ 18.

{¶ 10} In the present case, the trial court found that R.C. 2929.41(A) contained a clerical error and correctly determined that it was authorized to interpret the statute in a manner that carries out the manifest intention of the legislature. Transcript, pp. 19-20. Accordingly, the trial court imposed consecutive sentences as instructed by R.C. 2929.14(C). On the authority of *Hess*, which is directly on point, we find no error in the trial court's ruling.

{¶ 11} Simpson's First Assignment of Error is overruled.

### III. Was Appellant's Plea Not Made Knowingly, Voluntarily or Intelligently Because Appellant Was Not Aware of Possible Consecutive Sentences?

{¶ 12} Simpson's Second Assignment of Error states that:

Appellant's Plea Was Not Made Knowingly, Voluntarily or Intelligently

Because He Was Not Aware of the Maximum Potential Penalty He Faced Prior

---

[1] "[I]n 2012 Am.Sub.S.B. 337, effective September 28, 2012, the legislature corrected the improper reference to R.C. 2929.14(E) and R.C. 2929.41(A) now refers to R.C. 2929.14(C)." *Hess*, 2d Dist. Montgomery No. 25144, 2013-Ohio-10 at ¶ 15.

to Entering his Plea.

{¶ 13}    Under this assignment of error, Simpson admits that the trial court advised him of the maximum sentence he faced for the charge of Aggravated Robbery with a deadly weapon, but he claims that his plea was invalid because he was not advised that the sentence could run consecutively to his sentences in Case Nos. 2010-CR-4101 and 2011-CR-1356/1.   Simpson claims that when he made his plea, he relied on defense counsel's interpretation of R.C. 2929.41(A), which was that consecutive sentences were prohibited.   Simpson, therefore, argues that the trial court should have specifically explained that his sentence could run consecutively to his sentences in Case Nos. 2010-CR-4101 and 2011-CR-1356/1.   Accordingly, he claims that his plea was invalid because it was not made knowingly, voluntarily or intelligently.

{¶ 14}    "In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C)." (Citation omitted.)   *State v. Blessing*, 2d Dist. Clark No. 2011 CA 56, 2013-Ohio-392, ¶ 15.   Crim R. 11(C)(2) requires the trial court to do the following:

> (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty [or no contest] and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses

against her, to have compulsory process for obtaining witnesses, and to require the State to prove her guilt beyond a reasonable doubt at a trial at which she cannot be compelled to testify against herself. (Citations omitted.) *Id.* at ¶ 16.

{¶ 15} The Supreme Court of Ohio explained in *State v. Johnson*, 40 Ohio St. 3d 130, 532 N.E.2d 1295 (1988), that:

[N]either the United States Constitution nor the Ohio Constitution requires that in order for a guilty plea to be voluntary a defendant must be told the maximum total of the sentences he faces, or that the sentence could be imposed consecutively. Therefore, even though the trial court here did not specifically state that such sentences could run consecutively, but did explain the maximum sentences possible, there was no deprivation of appellee's constitutional rights. *Id.* at 133.

{¶ 16} In *Johnson*, the Supreme Court relied on *Barbee v. Ruth,* 678 F.2d 634 (5th Cir. 1982), which found that:

"The Constitution does not require that, in order to understand the consequences of a plea of guilty, the accused must be informed by the trial court, or must otherwise know, whether or not sentences imposed for separate crimes will run consecutively or concurrently." * * *

The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] "understood the length of time he might possibly receive, he was fully aware of his plea's consequences." (Citations

omitted.)   *Id*. at 635.

{¶ 17}   In this case, the trial court did not specifically explain that the sentence for Aggravated Robbery with a firearm specification could run consecutively to the sentences imposed in Simpson's other criminal cases until after Simpson's guilty plea.   The Supreme Court of Ohio made it clear in *Johnson* that a trial court is not required to provide this information. Therefore, in order for Simpson's plea to be considered knowing and voluntary, the trial court simply must have followed the mandates of Crim.R. 11(C).

{¶ 18}   Here, the record indicates that the trial court's plea colloquy complied with the mandates of Crim.R. 11(C).   Simpson was advised of the maximum penalty he could serve, and he indicated that he understood that the charges for Aggravated Robbery and the firearm specification would be served consecutively. Transcript, p. 7.   Simpson stated that he understood the nature of the offenses with which he was charged, and that he would receive a mandatory prison sentence without being considered for community control sanctions.   *Id*. at pp. 7-8. Simpson indicated that he understood that he was waiving his right to a jury trial and his right to confront witnesses, and that a plea of guilty was a complete admission of guilt.   *Id*. at pp. 9-10. He further understood that he was giving up his right against self incrimination. *Id.* at pp. 10-11.

{¶ 19}   If Simpson relied on his counsel's interpretation of R.C. 2929.41(A) when he pled guilty that would be a matter outside of the record.   "'[T]his court is unable to consider any evidence not considered by the trial court.'   It is axiomatic that an appellate court will not consider matters outside of the appellate record." *Dayton v. Turic*, 2d Dist. Montgomery No. 20149, 2005-Ohio-131, quoting *Alex-Bell Oxford Limited Partnership v. Woods, 2d Dist. Montgomery No.* 16038, 1998 WL 289028 (June 5, 1998), citing *State v. Ishmail*, 54 Ohio St.2d

402, 377 N.E.2d 500 (1978), paragraph one of syllabus.

{¶ 20}    Accordingly, Simpson's plea was knowing and voluntary because the trial court complied with the mandates of Crim.R.11(C) and the court was not required to inform Simpson that his Aggravated Robbery and firearm specification sentence would run consecutively with his sentences in Case Nos. 2010-CR-4101 and 2011-CR-1356/1.

{¶ 21}   Simpson's Second Assignment of Error is overruled.

## IV.   Conclusion

{¶ 22}    Having overruled both of Keron Simpson's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck
Kirsten A. Brandt
Jon Paul Rion
Nicole Rutter-Hirth
Hon. Michael Tucker