BRIM, APPELLEE, *v.* RICE, REGISTRAR, APPELLANT.

[Cite as Brim v. Rice, 20 Ohio App. 2d 293.]

(No. 10939—Decided September 29, 1969.)

*Messrs. Nichols, Speidel & Nichols,* for appellee.

*Mr. Melvin G. Rueger* and *Mr. Leonard Kirschner,* for appellant.

HILDEBRANT, J. The parties will be referred to here as they appeared in the lower court.

Defendant, as Registrar of Motor Vehicles, suspended the license or permit to drive of the plaintiff when, upon being arrested for driving under the influence of alcohol, plaintiff refused to take the chemical test referred to in Section 4511.191 of the Revised Code.

The Municipal Court construed the statute to be unconstitutional because of a typographical error wherein reference is made to Paragraph (B) rather than to Paragraph (C),

Section 4511.191 (D), Revised Code, provides:

"If a person under arrest for the offense of driving a motor vehicle while under the influence of alcohol refuses upon the request of a police officer to submit to a chemical test designated by the law enforcement agency as provided in division (A) of this section, after first having been advised of the consequences of his refusal as provided in division (B) [sic] of this section, no chemical test shall be given, but the registrar of motor vehicles, upon the receipt of a sworn report of the police officer that he had reasonable grounds to believe the arrested person had been driving a motor vehicle upon the public highways of this state while under the influence of alcohol and that the person refused to submit to the test upon the request of the police officer and upon the receipt of the form as provided in division (C) of this section certifying that the arrested person was advised of the consequences of his refusal, shall suspend his license or permit to drive, or any nonresident operating privilege for a period of six months, subject to review as provided in this section; or if the person is a resident without a license or permit to operate a motor vehicle in this state, the registrar shall deny to the person the issuance of a license or permit for a period of six months after the date of the alleged violation."

Section 4511.191 (B), Revised Code, reads as follows:

"Any person who is dead, unconscious, or who is otherwise in a condition rendering him incapable of refusal, shall be deemed not to have withdrawn consent provided by division (A) of this section and the test or tests may be administered, subject to Sections 313.11 to 313.16, inclusive, of the Revised Code."

Section 4511.191 (C) of the Revised Code, reads as follows:

"Any person under arrest for the offense of driving a motor vehicle while under the influence of alcohol shall

be advised at a police station of the consequences of his refusal to submit to a chemical test designated by the law enforcement agency as provided in division (A) of this section. The advice shall be in a written form prescribed by the registrar of motor vehicles and shall be read to such person. The form shall contain a statement that the form was shown to the person under arrest and read to him in the presence of the arresting officer and one other police officer or civilian police employee. Such witnesses shall certify to this fact by signing the form.''

Courts have power to correct errors or mistakes in statutes in order that the manifest reason and intention thereof shall obtain, and it was error for the Municipal Court to declare the statute unconstitutional.

The reference to Section (B) herein is manifestly non-sensical, while reference to Section (C) was obviously the intent of the Legislature. *Stanton, Pros. Atty.,* v. *Frankel Brothers Realty Co.,* 117 Ohio St. 345, is decisive of this question. Paragraph one of the syllabus states:

''Section 5610 * * * before the amendment * * * provided: 'An appeal from the decision of a county board of revision may be taken to the Tax Comission of Ohio * * * by the county auditor or any complainant * * *.' In amending that section the General Assembly changed the word 'or' to 'of' without intending so to do. In construing the statute as amended, in order to effect the obvious intent of the Legislature and to avoid inconsistency, the court will substitute the word 'or' for the word 'of' thereby giving to 'any complainant' the right to appeal from the board of revision to the tax commission.''

At page 350, it is stated:

'' * * * It is a well-settled rule that courts will not permit a statute to be defeated on account of a mistake or error, where the intention of the Legislature can be collected from the whole statute, or where one word has been erroneously used for another, and where the context affords means of correction. The strict letter of a statute must yield to the obvious intent. The use of the word 'of' results in giving the county auditor a right to appeal, at

the same time denying one who complains of the action of the auditor an equal right of appeal. To thus interpret the statute would cast a grave doubt upon its validity. It would operate as a clear denial of the equal protection of the laws.''

See citations therein.

From the authority quoted above, we find the courts do have authority to correct the obvious typographical error herein to give effect to the obvious intent of the statute, and that it was error prejudicial to the defendant to hold the statute unconstitutional.

Since the lower court decision herein, the Legislature has amended the statute to make reference to Section (C) instead of (B), thereby correcting the obvious error.

The judgment of the Municipal Court is reversed and this court coming now to render the judgment that should have been rendered, the suspension of plaintiff's license and permit to drive is reinstated.

*Judgment reversed.*

SHANNON, P. J., and HESS, J., concur.