[Cite as *State v. Ryan*, 2012-Ohio-5070.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98005

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ERIC S. RYAN

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-536369

**BEFORE:**  E. Gallagher, J., Cooney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   November 1, 2012

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Melissa Riley
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Eric Ryan ("appellant") appeals from his sentencing in the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm.

{¶2} On April 20, 2010, a Cuyahoga County Grand Jury charged Ryan with kidnapping with one and three-year firearm specifications, notice of prior conviction and repeat violent offender specifications; aggravated robbery with one and three-year firearm specifications, notice of prior conviction and repeat violent offender specifications, two counts of carrying a concealed weapon, having weapons while under disability with one and three-year firearm specifications, two counts of drug possession with a one-year firearm specification, two counts of drug trafficking with a one-year firearm specification, possession of criminal tools and having weapons while under disability with a one-year firearm specification. Further, the state sought, through the indictment, the forfeiture of a firearm and/or a cellular telephone. It is noted that the dates that these alleged crimes were committed were March 26, 2010 and April 7, 2010.

{¶3} On September 26, 2011, appellant entered pleas of guilty to an amended charge of robbery with a one-year firearm specification (Count 2), two counts of drug possession, with one-year firearm specifications (Counts 5 and 7), two counts of drug trafficking with one-year firearm specifications (Counts 6 and 8), possession of criminal

tools (Count 9), one count of carrying a concealed weapon (Count 10) and one count of having weapons while under disability with a one-year firearm specification (Count 11).

{¶4} The parties agreed, prior to the plea, that the firearm specifications attendant to Counts 5-11 would "run concurrent to one another" but consecutive to the firearm specification on Count 2.

{¶5} On October 27, 2011, the trial court sentenced appellant to three years on the count of robbery with a one year term for the firearm specification to be served prior to and consecutive to the underlying sentence. The court sentenced Ryan to a one-year prison sentence on each of the two drug possession and the two drug trafficking charges to be served concurrent with each other but consecutive to the one-year term for the firearm specifications; one year each for possession of criminal tools and carrying a concealed weapon to be served concurrently; and three years for having weapons while under disability with a one-year sentence for the firearm specification. The court ordered the prison sentences for robbery and having weapons while under disability to run consecutively, in addition to the consecutive sentences imposed for the one-year firearm specification, for a total prison sentence of seven years.

{¶6} On that same date, the trial court sentenced appellant for a multitude of charges in CR-536381[1] for which he was found to be guilty at the conclusion of trial. We will address this matter in a limited fashion as the trial court imposed a two-year

---

[1] This case is also currently on appeal with this court and was assigned as Appeal No. 98101.

sentence in that case on one of the counts, to-wit: having weapons under disability and that term was to be served consecutive to a sentence of three years for the attendant firearm specification on that count. The trial court specified that the sentence imposed in the case now before this court be served consecutively to the term of three years for the gun specification on the weapons disability charge in CR-536381.

{¶7} The trial court noted, on the record, that the sentencing factors outlined in R.C. 2929.11 and 2929.12 had been considered, and of particular relevance to this appeal, that the trial court had considered R.C. 2929.14(C)(4) in arriving at its determination that consecutive sentences were appropriate in this case.[2]

{¶8} In his sole assignment of error, Ryan states as follows:

The trial court acted contrary to law when it imposed consecutive sentences without authority to do so under the Ohio Revised Code.

{¶9} Appellant argues that the trial court erred by imposing consecutive sentences in violation of R.C. 2929.41. We disagree.

{¶10} R.C. 2929.41 outlines the presumption in favor of concurrent sentences in cases where multiple sentences are imposed for criminal acts. R.C. 2929.41(A) states:

Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served

---

[2]The transcript indicates that the trial court stated the consecutive sentences were imposed pursuant to "2929.14(*D*)(4)." (Emphasis added.) Tr. 108. Because 2929.14(D)(4) relates to postrelease control and does not address reasons for imposing consecutive sentences, we proceed on the assumption that the trial court misspoke and intended to cite 2929.14(C)(4), which references to consecutive sentences.

concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

{¶11} R.C. 2929.41(A) thus provides four exceptions to the general presumption of concurrent operation: by operation of R.C. 2929.41(B) and its subsections; R.C. 2929.14(E) and its subsections; R.C. 2971.03(D) or R.C. 2971.03(E). Each exception will be examined in turn.

{¶12} R.C. 2929.41(B) contains three subsections. R.C. 2929.41(B)(1) applies only to misdemeanor sentences; R.C. 2929.41(B)(2) references situations where the defendant has been sentenced to a prison term by a court of another state or the United States in addition to the sentence imposed by the Ohio court and R.C. 2929.41(B)(3) embraces situations where the defendant was convicted of certain vehicular felonies and related misdemeanors. The appellant concedes that none of these three situations is presented here and thus, R.C. 2929.41(B) does not provide a basis for imposing consecutive sentences.

{¶13} R.C. 2971.03(D) and 2971.03(E) addresses situations where the defendant was found guilty of, or pleaded guilty to, violent sex offenses or sexually violent predator specifications. The appellant acknowledges that he was not convicted of, nor did he plead guilty to, any sex offenses or related specifications and thus, R.C. 2971.03(D) and 2971.03(E) do not provide a basis for imposing consecutive sentences.

**{¶14}** The remaining exception by which the trial court may have imposed consecutive sentences on appellant is R.C. 2929.14(E). That section states:

> The court shall impose sentence upon the offender in accordance with section 2971.03 of the Revised Code, and Chapter 2971 of the Revised Code applies regarding the prison term or term of life imprisonment without parole imposed upon the offender and the service of that term of imprisonment if any of the following apply: * * *

**{¶15}** Given that R.C. 2929.41(A) already refers to specific subsections of R.C. 2971.03, the further reference to R.C. 2929.14(E), which points to other portions of R.C. 2971.03, appears to be surplusage. As this court recently noted, a long-standing tenet of statutory interpretation is that courts must avoid statutory interpretations that render any part of a statute "surplusage or nugatory." *Westgate Ford Truck Sales, Inc. v. Ford Motor Co.*, 8th Dist. No. 96978, 2012-Ohio-1942, 971 N.E.2d 967, ¶ 14, quoting *State Farm Fire & Cas. Co. v. Old Republic Ins. Co.*, 466 Mich. 142, 146, 644 N.W.2d 715 (2002).

**{¶16}** We must therefore resolve the apparent irregularity of R.C. 2929.41(A)'s reference to R.C. 2929.14(E). In undertaking this statutory interpretation, we apply the oft-repeated maxim that a court's "paramount concern is the legislative intent in enacting the statute." *Grey v. Walgreen Co.*, 8th Dist. No. 96846, 2011-Ohio-6167, ¶ 12, quoting *State v. Buehler*, 113 Ohio St.3d 114, 2007-Ohio-1246, ¶ 29. Analysis of the statutory history of R.C. 2929.14 provides illumination of the legislative intent in enacting the statute.

**{¶17}** The General Assembly recently passed 2011 Am.Sub. H.B. No. 86 (hereinafter "H.B. 86"), which amended R.C. 2929.14 and numerous other sections of the Revised Code. H.B. 86 took effect on September 30, 2011.  Of particular relevance to this case, H.B. 86 made revisions to both R.C. 2929.41(A) and 2929.14.  In Section 11 of H.B. 86, the General Assembly provided a statement of legislative intent for the revisions to those sections:

> In amending division (E)(4) of section 2929.14 and division (A) of section 2929.41 of the Revised Code in this act, *it is the intent of the General Assembly to simultaneously repeal and revive the amended language in those divisions* that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1. The amended language in those divisions is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, and the Ohio Supreme Court's decision in *State v. Hodge* (2010), ___ Ohio St.3d ___, Slip Opinion No. 2010-Ohio-6320 and, although constitutional under *Hodge*, *supra*, that language is not enforceable until deliberately revived by the General Assembly.

(Emphasis added.)

**{¶18}** We next turn to the as-drafted text of H.B. 86, which indicates what language the bill adds to the affected statutes (underlined text) and what it removes (struck-through text).  The as-drafted copy of H.B. 86 indicates that the entire existing text of R.C. 2929.41(A) was removed, and then the exact same text was added — the "simultaneous repeal and revi[val]" mentioned by Section 11 of H.B. 86.  Of particular importance, the as-drafted version of H.B. 86 also indicates revisions to R.C. 2929.14: divisions (B) and (C) of the prior version of R.C. 2929.14 were deleted, with the result that the prior division (E) "moved up" and became the new division (C).

**{¶19}** These revisions, combined with the statement of legislative intent in Section 11 of H.B. 86, convince the court that the General Assembly intended to reenact the full statutory scheme that existed prior to the *Foster*/*Ice*/*Hodge* line of cases and the enactment of H.B. 86. As relevant to this case, that leads to the conclusion that in the legislature's haste to emphasize the "simultaneous repeal and revi[val]" of the language of R.C. 2929.41(A), a simple legislative oversight resulted in the failure to update the cross-reference in the "revived" R.C. 2929.41(A) from "division (E) of section 2929.14" to "division (C) of 2929.14." Perhaps even more persuasively, the General Assembly has itself acknowledged and corrected its mistake. The as-enrolled copy of 2011 Am.Sub. S.B. No. 337 (hereinafter "S.B. 337"), which becomes effective on September 28, 2012, corrects the mistaken cross-reference in R.C. 2929.41(A). After S.B. 337 takes effect, R.C. 2929.41(A) will list "division (C) of 2929.14" as one of the four exceptions to the general presumption of concurrent sentences, rather than "division (E) of 2929.14." S.B. 337 does not compel our conclusion that the errant cross-reference in R.C. 2929.14(A) was a simple legislative oversight, nor is it controlling in this case because it was not in effect at the time of appellant's sentencing, but it does provide further evidence of the legislature's intent when it enacted H.B. 86, which supports our reasoning.

**{¶20}** After reaching the conclusion that the legislature erred, the next question is whether we may apply the statute as the legislature intended it to be applied, rather than according to the literal text of the statute. R.C. 2901.04(A) states that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state,

and liberally construed in favor of the accused." As noted by this court in *State v. Virasayachack*, 138 Ohio App.3d 570, 741 N.E.2d 943 (8th Dist.2000), "[o]rdinarily, we must presume the legislature means what it says; we cannot amend statutes to provide what we consider a more logical result." *Id.* at 574. However, *Virasayachack* also reasoned that:

> when the terms of the statute, as written, would never be applicable, and the simple substitution of one character would result in a term that would always be applicable, we must conclude that the statute contains an obviously typographical error, and we may correct the error and give effect to the obvious intent of the statute.

*Id.* at 574, citing *Brim v. Rice*, 20 Ohio App.2d 293, 295-296, 253 N.E.2d 820 (1st Dist.1969). Additionally, in *State v. Gomez*, 9th Dist. Nos. 25496 and 25501, 2011-Ohio-5475, the court held that:

> [w]hen it appears beyond a doubt that a statute, when read literally as printed, is impossible of execution, *or will defeat the plain object of its enactment*, or is senseless, or leads to absurd results or consequences, a court is authorized to regard such defects as the result of error or mistake, and to put such construction upon the statute as will correct the error or mistake by permitting the clear purpose and manifest intention of the Legislature to be carried out.

(Emphasis added and internal citation omitted.) *Id.* at ¶ 30.

{¶21} This court is further persuaded by the words of the United States Supreme Court in *Chickasaw Nation v. United States*, 534 U.S. 84, 122 S.Ct. 528, 151 L.Ed.2d 474. In that case, the court noted that "canons [of statutory interpretation] are not mandatory rules. They are guides that need not be conclusive" and are intended to assist courts in determining the legislative intent underlying a statute. (Internal quotation marks and

citation omitted.) *Id.* at 94 . To the extent that the appellant's strictly textual reading of R.C. 2929.41(A) and appellant's rule of lenity argument runs contrary to the legislative intent evinced by Section 11 of H.B. 86, those arguments cannot be allowed to overcome the intent of the legislature.

{¶22} The principles referenced in *Chickasaw Nation* and the precedents of *Virasayachack* and *Gomez* lead us to conclude that we are empowered to "correct" the typographical error caused by the amendments contained in H.B. 86 in order to effectuate the legislative intent of the General Assembly. In further support of this conclusion, we note that despite the legislative drafting error in H.B. 86, subsequent cases have recognized the connection between R.C. 2929.41(A) and 2929.14(C) and applied the sentencing scheme as the legislature intended. *See State v. Williams*, 5th Dist. No. 11-CA-115, 2012-Ohio-3211, at ¶ 23-32 (recognizing the interplay of the two statutes but remanding due to a lack of required judicial fact-finding); *State v. Petkovic*, 8th Dist. No. 97548, 2012-Ohio-4050, at ¶ 27-34 ("The crux of defendant's argument is that the court failed to make the *R.C. 2929.14(C)(4) findings revived by Am. Sub. H.B. 86* before imposing consecutive sentences.") (Emphasis added.)

{¶23} The only remaining consideration, then, is to determine whether the trial court correctly applied R.C. 2929.14(C) in imposing consecutive sentences on appellant. R.C. 2929.14(C)(4) is most relevant:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is

necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

\* \* \*

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶24}** At the sentencing hearing, the trial court clearly referenced appellant's criminal record, required by R.C. 2929.14(C)(4), that the consecutive sentences were necessary to protect the public from future crime and were not disproportionate to the seriousness of appellant's conduct and, by R.C. 2929.14(C)(4)(c), that the consecutive sentences were necessary to protect the public from future crime by appellant.

**{¶25}** Appellant's sole assignment of error is overruled.

**{¶26}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

COLLEEN CONWAY COONEY, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR