[Cite as *State v. Bushner*, 2012-Ohio-5996.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 26532 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAYMOND BUSHNER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 11 12 3301 |

DECISION AND JOURNAL ENTRY

Dated: December 19, 2012

CARR, Judge.

{¶1} Defendant-Appellant, Raymond Bushner, now appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

{¶2} Bushner and seven other people were involved in an affray that took place at the apartment of Cory Prettyman. Bushner had been staying at the apartment for a brief period of time at Prettyman's invitation. On October 30, 2011, Bushner and Prettyman fought and several other individuals, one of whom brought a gun, were notified of the fight and came to the apartment. The witness accounts of what then happened varied, but the end result was that Bushner shot one of the unarmed individuals who came to the apartment and then fled.

{¶3} A grand jury indicted Bushner on counts of felonious assault, domestic violence, having weapons while under disability, tampering with evidence, and intimidation of a crime victim or witness. The felonious assault, having weapons while under disability, and tampering

with evidence counts also included attendant firearm specifications. The matter proceeded to a jury trial, and the jury found Bushner guilty on all of the counts and specifications. The trial court then sentenced Bushner to 18 years in prison[1] and ordered his sentence to run consecutively with a related case for a total of 18 years, 6 months in prison.

{¶4} Bushner now appeals from his convictions and raises seven assignments of error for our review. For ease of analysis, we consolidate several of the assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT DENIED BUSHNER'S MOTION TO DISMISS THE COUNT OF HAVING WEAPONS WHILE UNDER DISABILITY CHARGE.

{¶5} In his first assignment of error, Bushner argues that the trial court erred by not dismissing his weapons under disability charge. Based upon our review of the record, we must remand the matter for further proceedings.

{¶6} Relevant to this appeal, the weapons under disability statute provides that "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person * * * has been convicted of any felony offense of violence * * *." R.C. 2923.13(A)(2). An "offense of violence" means a violation of any of the Ohio felonies enumerated in R.C. 2901.01(A)(9)(a) as well as "[a] violation of an existing * * * law of * * * any other state * * * substantially equivalent to any section, division, or offense listed in [subsection] (A)(9)(a) * * *." R.C. 2901.01(A)(9)(b).

---

[1] The trial court sentenced Bushner to six months in prison on his domestic violence count. Although it does not affect the finality of Bushner's sentence, this Court notes that the trial court failed to include the six-month sentence in its calculations in arriving at Bushner's total sentence of 18 years.

[I]n order to determine whether an out-of-state conviction is substantially equivalent to a listed Ohio offense, a court must initially look only to the fact of conviction and the elements of the relevant criminal statutes, without considering the particular facts disclosed by the record of conviction. If the out-of-state statute defines the offense in such a way that the court cannot discern from a comparison of the statutes whether the offenses are substantially equivalent, a court may go beyond the statutes and rely on a limited portion of the record in a narrow class of cases where the factfinder was required to find all the elements essential to a conviction under the listed Ohio statute. To do so, courts are permitted to consult a limited range of material contained in the record, including charging documents, plea agreements, transcripts of plea colloquies, presentence reports, findings of fact and conclusions of law from a bench trial, jury instructions and verdict forms, or some comparable part of the record.

*State v. Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, ¶ 31. The State bears the burden of proving that an out-of-state offense is the substantial equivalent of the Ohio offense upon which it seeks to rely. *Id.* at ¶ 46.

{¶7} In seeking to prove that Bushner had been convicted of a felony offense of violence, the State relied upon a 2006 conviction for false imprisonment that Bushner received in Florida. The subdivision of the false imprisonment statute under which Bushner was convicted reads as follows:

(a) The term "false imprisonment" means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will.

(b) Confinement of a child under the age of 13 is against her or his will within the meaning of this section if such confinement is without the consent of her or his parent or legal guardian.

Fla.Stat. 787.02(1)(a)-(b). The State argued that the foregoing offense was substantially equivalent to the offense of abduction in Ohio. The abduction statute provides that:

(A) No person, without privilege to do so, shall knowingly do any of the following:

(1) By force or threat, remove another from the place where the other person is found;

(2) By force or threat, restrain the liberty of another person under circumstances that create a risk of physical harm to the victim or place the other person in fear;

(3) Hold another in a condition of involuntary servitude.

R.C. 2905.02(A)(1)-(3). The trial court agreed with the State that false imprisonment in Florida is substantially equivalent to abduction in Ohio and refused to dismiss Bushner's charge for having weapons while under disability. The trial court based its decision strictly upon a comparison of the statutory language used by the Florida false imprisonment and Ohio abduction statutes.

**{¶8}** Bushner argued in the court below that his false imprisonment conviction was substantially equivalent to the Ohio offense of unlawful restraint. The trial court rejected Bushner's argument on the basis that abduction in Ohio is substantially similar to false imprisonment in Florida. The court never discussed why unlawful restraint was not substantially equivalent to false imprisonment in Florida. In reliance upon the trial court's pre-trial ruling, the only piece of evidence that the State introduced at trial to prove Bushner's disability was a copy of his judgment entry from his conviction in Florida.

**{¶9}** Ohio's unlawful restraint statute provides that "[n]o person, without privilege to do so, shall knowingly restrain another of the other person's liberty." R.C. 2905.03(A). The key elements of the offense, therefore, are the (1) unlawful and (2) knowing act of (3) restraining another. While the language of Florida's false imprisonment statute is somewhat confusing, the repeated use of the word "or" in the statute plainly conveys that an offender may commit false imprisonment through a variety of methods. *See* Fla.Stat. 787.02(1)(a). Specifically, false imprisonment in Florida "means forcibly, by threat, *or* secretly confining, abducting, imprisoning, *or* restraining another person without lawful authority and against her or his will." (Emphasis added.) *Id.* By its plain language, therefore, the Florida false imprisonment statute

encompasses the crime of unlawfully restraining another against his or her will. On its face, that portion of the false imprisonment statute is substantially equivalent to the crime of unlawful restraint in Ohio. *See Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, at ¶ 31 (court first must conduct strict comparison of the elements of two offenses to determine whether they are substantially similar).

{¶10} Because the Florida false imprisonment statute is phrased in the alternative, the trial court was correct that the Ohio abduction statute, on its face, is also substantially equivalent to Florida's false imprisonment statute. That is because the false imprisonment statute includes unlawfully and forcibly abducting another against his or her will. Fla.Stat. 787.02(1)(a). *Accord* R.C. 2905.02(A)(1) (defining abduction as unlawfully, knowingly, and forcibly removing another from a place). The problem here is that, based solely on a strict textual comparison of the elements of the statutes at issue, more than one Ohio statute is substantially equivalent to the crime of false imprisonment in Florida. As such, it was not possible for the trial court to discern which Ohio offense was the substantial equivalent of false imprisonment in this particular case without going beyond the plain language of the statutes. The court should have consulted other materials to learn the underlying factual basis for Bushner's false imprisonment conviction; that is, whether the conviction pertained to forcible abduction or simply restraint. *See Lloyd* at ¶ 31.

{¶11} Bushner's weapons under disability conviction required the State to prove that, at the time he had a weapon, Bushner was under disability for a Florida offense that was substantially equivalent to an offense of violence in Ohio. R.C. 2923.13(A)(2). While abduction is an offense of violence in Ohio, unlawful restraint is not. *See* R.C. 2901.01(A)(9)(a)-(b). Accordingly, if Bushner's Florida conviction arose from actions that would have amounted to unlawful restraint in Ohio, his weapons under disability conviction cannot stand. If his Florida

conviction arose from actions that would have amounted to abduction in Ohio, however, the trial court reached the correct result (albeit on different grounds). Because the record only contains a copy of the judgment entry from Bushner's Florida conviction, one cannot discern the underlying nature of Bushner's Florida conviction. On appeal, the State concedes that it is not possible to discern the underlying nature of the conviction and requests that this Court remand the matter for a hearing. Based on our review of the record, we agree that the matter must be remanded. As such, we must remand the matter to the trial court for a hearing so that it can receive evidence and arguments on the nature of Bushner's Florida conviction. *See State v. McMullen*, 8th Dist. Nos. 97475 & 97476, 2012-Ohio-2629, ¶ 22-23. Bushner's first assignment of error is sustained on that basis.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY REFUSING TO GIVE PROPER SELF-DEFENSE JURY INSTRUCTIONS UNDER THE CASTLE DOCTRINE, R.C. 2901.09.

**{¶12}** In his second assignment of error, Bushner argues that the trial court erred in its self-defense instructions to the jury. Specifically, he argues that the trial court did not properly instruct the jury on the duty to retreat. We disagree.

**{¶13}** Bushner acknowledges that he did not object to the court's jury instructions and that a plain error standard applies. Generally, a defendant's failure to object to an allegedly erroneous jury instruction limits any review of the alleged error to a review for plain error. *State v. Johnson*, 9th Dist. No. 25525, 2011-Ohio-3941, ¶ 20. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost

caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶14} To establish self-defense in circumstances involving the application of deadly force, a defendant must prove that he: "(1) * * * was not at fault in creating the situation giving rise to the affray; (2) * * * ha[d] a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) * * * [did] not [] violate[] any duty to retreat or avoid the danger." *State v. Westfall*, 9th Dist. No. 10CA009825, 2011-Ohio-5011, ¶ 19, quoting *State v. Tucker*, 9th Dist. No. 06CA0035-M, 2006-Ohio-6914, ¶ 4. Yet, a person has no duty to retreat from his own home. *Tucker* at ¶ 4. *Accord* R.C. 2901.09(B). A person also has no duty to retreat from a home in which the person is residing "either temporarily or permanently or is visiting as a guest." *State v. Walker*, 9th Dist. No. 97648, 2012-Ohio-4274, ¶ 61, quoting R.C. 2901.05(D)(3).

{¶15} In certain instances, a presumption of self-defense may arise. A defendant is entitled to such a presumption if he used deadly force against a person who was "in the process of unlawfully and without privilege to do so entering, or ha[d] unlawfully and without privilege to do so entered, the residence * * * occupied by the [defendant]." R.C. 2901.05(B)(1). The presumption of self-defense is a rebuttable one. R.C. 2901.05(B)(3). Specifically, the presumption would not apply if the victim had a right to be in the residence or if, at the time he used deadly force, the defendant was not lawfully in the residence. R.C. 2901.05(B)(2)-(3).

{¶16} "The difference between the [c]astle [d]octrine and the rebuttable presumption of self-defense lies in the legal status of the victim." *State v. Lewis*, 8th Dist. No. 97211, 2012-Ohio-3684, ¶ 18. If the victim had a right to be in a residence at the time the defendant used

deadly force, the defendant would not be entitled to the presumption of self-defense. *Id.* at ¶ 19. Even so, the defendant still would be entitled to a castle doctrine instruction (that he had no duty to retreat from the residence) if he was lawfully occupying the residence at the time he used the deadly force. *Id.* It would then be the defendant's burden to prove the remaining elements of self-defense by a preponderance of the evidence. *See Westfall*, 2011-Ohio-5011, at ¶ 19, quoting *Tucker*, 2006-Ohio-6914, at ¶ 4.

{¶17} The trial court instructed the jury on the presumption of self-defense, the duty to retreat, and the elements of self-defense. With regard to the presumption of self-defense, the court instructed that Bushner was not entitled to such a presumption if (1) the victim was lawfully present in the residence when Bushner shot him, or (2) if Bushner was not lawfully present in the residence. *See* R.C. 2901.05(B)(2)-(3). Bushner argues that the court committed plain error in its instructions because it never instructed the jury on the castle doctrine. Bushner argues that, by not informing the jury that he had no duty to retreat from the residence he was occupying, the court denied him the opportunity to prove self-defense in the event that the jury found that the victim was lawfully at the residence when Bushner shot him. In support of his argument, Bushner relies upon *State v. Lewis*. This case is distinguishable from *Lewis*, however, because the court here specifically instructed the jury that "[a] person who is lawfully in that person's residence has no duty to retreat before using force in self-defense." *See* R.C. 2901.09(B). *Compare Lewis* at ¶ 17 ("The trial court did not instruct the jury on the [c]astle [d]octrine as codified in R.C. 2901.09."). Thus, the record reflects that the court set forth the castle doctrine for the jury in its instructions. Although the court included the castle doctrine instruction after the instruction on the presumption of self-defense rather than after the instruction on the elements of self-defense, we cannot conclude that the court's ordering of the

instructions amounted to plain error. *See generally State v. Geter-Gray*, 9th Dist. No. 25374, 2011-Ohio-1779, ¶ 17-18. Bushner's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING BUSHNER TO CONSECUTIVE SENTENCES IN VIOLATION OF R.C. 2929.41(A).

### ASSIGNMENT OF ERROR IV

BUSHNER WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS CONTRARY TO LAW.

{¶18} In his third assignment of error, Bushner argues that the trial court erred by imposing consecutive sentences on him. In his fourth assignment of error, he argues that his trial counsel was ineffective for not objecting to the court's imposition of consecutive sentences. We disagree with both propositions.

{¶19} Trial courts have "full discretion * * * to sentence defendants within the bounds prescribed by statute." *State v. Evans*, 9th Dist. No. 09CA0049-M, 2010-Ohio-3545, ¶ 32, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraphs one through seven of the syllabus. Appellate courts apply a two-step approach in reviewing the sentence that a trial court has imposed upon a defendant. *Evans* at ¶ 32, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 4. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *Kalish* at ¶ 4. Because Bushner only argues that the trial court failed to comply with a statute in sentencing him, we need only consider whether his sentence is clearly and convincingly contrary to law.

{¶20} Bushner argues that the trial court erred by sentencing him because, pursuant to R.C. 2929.41(A), it was prohibited from imposing consecutive sentences upon him. R.C. 2929.41(A) creates a presumption that a sentencing court will impose concurrent sentences if an offender is sentenced on more than one offense. In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court severed R.C. 2929.41(A) and held that "judicial fact-finding is not required before imposition of consecutive prison terms." *Foster* at paragraph four of the syllabus. Several years later, the Supreme Court clarified *Foster* after the United States Supreme Court issued a federal sentencing decision in *Oregon v. Ice*, 555 U.S. 160 (2009). *See State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320. In doing so, the Supreme Court held that "the consecutive-sentencing statutes severed by *Foster* * * * remain null and of no effect absent an affirmative act of the General Assembly." *Hodge* at ¶ 36.

{¶21} In response to *Hodge*, the General Assembly enacted 2011 Am.Sub.H.B. 86, 2011 Ohio Laws File 29, thereby revising several of the statutes addressed in *Foster* and *Hodge*. In particular, the General Assembly struck, and then reinserted the language from R.C. 2929.41(A) severed by *Foster*. The General Assembly also struck and then reinserted the language in R.C. 2929.14(E)(4), another statutory subsection *Foster* had severed because it required a court to make certain findings before imposing consecutive sentences. *See Foster* at paragraph four of the syllabus. In doing so, the General Assembly renumbered R.C. 2929.14's subdivisions so that, while the content remained the same, former subdivision (E)(4) became subdivision (C)(4).

{¶22} Former R.C. 2929.41(A), as enacted by 2011 Am.Sub.H.B. 86, provided:

Except as provided in division (B) of this section, *division (E) of section 2929.14*, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term * * * shall be served concurrently with any other prison term * * * imposed by a court of this state * * *.

(Emphasis added.) In enacting the foregoing statute, the General Assembly simply struck the language of the old statute and reinserted it verbatim, without changing any of the subsections listed within it. It did so despite the fact that it had simultaneously renumbered R.C. 2929.14, thereby moving the content of R.C. 2929.14(E) to R.C. 2929.14(C).

{¶23} Bushner argues that the court erred by imposing consecutive prison terms upon him because none of the exceptions set forth at the beginning of former R.C. 2929.41(A) applied to him. With regard to the exception contained in former R.C. 2929.14(E), as enacted by 2011 Am.Sub.H.B. 86, Bushner argues that the exception did not apply to him because it "involves a trial court imposing sentencing upon a conviction for specific types of murder or sex offenses." Bushner essentially seeks to take advantage of a typographical error that the General Assembly made in enacting 2011 Am.Sub.H.B. 86. Since the bill's enactment, the General Assembly revised R.C. 2929.41(A) again so that it now properly refers to R.C. 2929.14(C) instead of R.C. 2929.14(E).

{¶24} This Court will not reverse Bushner's consecutive sentences on the basis of a typographical error when the legislature's intent in enacting 2011 Am.Sub.H.B. 86 was clear. *See State v. Walker*, 8th Dist. No. 97648, 2012-Ohio-4274, ¶ 81, fn.2 (R.C. 2929.14(C) applied where, despite typographical error on the part of the General Assembly, its intent in reviving R.C. 2929.41(A) was clear). In sentencing Bushner, the trial court need only have complied with R.C. 2929.14(C), the subsection to which the General Assembly intended to refer in striking and reinserting the language of R.C. 2929.41(A). *See id.*

{¶25} R.C. 2929.14(C)(4) provides that a court may issue consecutive prison terms if the court finds (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender," (2) "that consecutive sentences are not disproportionate to the

seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) one of three enumerated factors applies to the offender. R.C. 2929.14(C)(4)(a)-(c). This Court has held that "although the General Assembly has expressed an intent that a trial court impose consecutive sentence[s] only if it first finds that certain conditions exist, [in enacting 2011 Am.Sub.H.B. 86,] the General Assembly [] eliminated the requirement that the court codify those findings in its sentencing entry." *State v. Just*, 9th Dist. No. 12CA0002, 2012-Ohio-4094, ¶ 49. Even so, the court here specifically wrote in its sentencing entry that it was imposing consecutive sentences because it found that Bushner's "criminal history shows that consecutive terms are needed to protect the public." *See* R.C. 2929.14(C)(4)(c). Thus, the court set forth one of the three enumerated factors for the imposition of consecutive sentences. The record does not support Bushner's claim that the trial court erred when it imposed consecutive sentences upon him. Bushner's third assignment of error lacks merit.

{¶26} Bushner also argues that he received ineffective assistance of counsel because his counsel did not object when the trial court imposed consecutive sentences without complying with R.C. 2929.41(A). We have already determined, however, that the court did not err by imposing consecutive sentences. As such, "his ineffective assistance of counsel argument also must fail, as it is premised upon the same error." *State v. El–Jones*, 9th Dist. No. 26136, 2012-Ohio-4134, ¶ 45. His fourth assignment of error is overruled.

**ASSIGNMENT OF ERROR V**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING BUSHNER TO MULTIPLE FIREARM SPECIFICATIONS UNDER R.C. 2941.145, AS THEY WERE PART OF THE SAME ACT OR TRANSACTION.

**ASSIGNMENT OF ERROR VI**

BUSHNER WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S IMPOSITION OF MULTIPLE FIREARM SPECIFICATIONS UNDER R.C. 2941.145 WERE PART OF THE SAME ACT OR TRANSACTION.

{¶27} In his fifth assignment of error, Bushner argues that the trial court erred by sentencing him on multiple firearm specifications when the specifications arose as part of the same act or transaction. In his sixth assignment of error, he argues that his trial counsel was ineffective for not objecting to the court's imposition of multiple sentences on the firearm specifications. We disagree with both propositions.

{¶28} Because Bushner argues that the court made a legal error in imposing his sentence, we incorporate the standard of review set forth in his third assignment of error. As such, we review his sentence to determine whether it is clearly and convincingly contrary to law. *Evans*, 2010-Ohio-3545, at ¶ 32, quoting *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶ 4.

{¶29} A court must impose a three-year prison term upon an offender who is convicted of a felony and an attendant firearm specification under R.C. 2941.145. R.C. 2929.14(B)(1)(a)(ii). Bushner was convicted of three firearm specifications linked to his felony convictions for felonious assault, having weapons under disability, and tampering with evidence. The trial court sentenced Bushner to three-year consecutive terms on the specifications arising from his felonious assault and tampering convictions and merged the specification arising from his weapons under disability conviction with those sentences. Bushner argues that the court erred by sentencing him on multiple specifications because the felonies underlying them were "committed as part of the same act or transaction." R.C. 2929.14(B)(1)(b).

{¶30} R.C. 2929.14(B)(1)(b) provides:

*Except as provided in division (B)(1)(g) of this section*, a court shall not impose more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same act or transaction.

(Emphasis added.) R.C. 2929.14(B)(1)(g) contains the following directive:

If an offender is convicted of * * * two or more felonies, if one or more of those felonies [is] * * * felonious assault * * *, and if the offender is convicted of * * * a specification [under R.C. 2941.145] in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section *for each of the two most serious specifications of which the offender is convicted * * ** and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

(Emphasis added.) Accordingly, a trial court must impose at least two prison terms for firearm specifications if the conditions set forth in R.C. 2929.14(B)(1)(g) apply. The court then also could, in its discretion, impose additional prison terms for any other remaining firearm specifications. *Id.*

{¶31} Bushner was convicted of four felonies and one of those felonies was felonious assault. He also was convicted of three firearm specifications, pursuant to R.C. 2941.145. Thus, Bushner's convictions satisfied all of the conditions set forth in R.C. 2929.14(B)(1)(g), and the trial court was required to impose at least two prison terms upon him for his firearm specifications by virtue of that statute. The trial court did so. Bushner's sentence is not contrary to law on the basis Bushner alleges. As such, his fifth assignment of error is overruled.

{¶32} Bushner also argues that he received ineffective assistance of counsel because his counsel did not object when the trial court imposed multiple sentences on his firearm specifications. We have already determined, however, that the trial court did not err by imposing multiple sentences. As such, "his ineffective assistance of counsel argument also must fail, as it is premised upon the same error." *El–Jones*, 2012-Ohio-4134, at ¶ 45. His sixth assignment of error is overruled.

**ASSIGNMENT OF ERROR VII**

THE CUMULATIVE EFFECT OF THE TRIAL COURT'S ERRORS DENIED
BUSHNER A FAIR TRIAL.

**{¶33}** In his seventh assignment of error, Bushner argues that cumulative errors in the
proceeding deprived him of his right to a fair trial. We disagree.

**{¶34}** Cumulative error exists only where the errors during trial actually "deprive[d] a
defendant of the constitutional right to a fair trial." *State v. DeMarco*, 31 Ohio St.3d 191 (1987),
paragraph two of the syllabus. "'[T]here can be no such thing as an error-free, perfect trial, and
* * * the Constitution does not guarantee such a trial.'" *State v. Hill*, 75 Ohio St.3d 195, 212
(1996), quoting *United States v. Hasting*, 461 U.S. 499, 508-509 (1983). Moreover, "errors
cannot become prejudicial by sheer weight of numbers." *Hill* at 212.

**{¶35}** {¶ 73} After reviewing the record, we cannot say that Bushner's trial was plagued
with numerous errors or that his constitutional right to a fair trial was violated. Therefore,
Bushner's seventh assignment of error is overruled.

III.

**{¶36}** Bushner's first assignment of error is sustained on the limited basis set forth
therein. His remaining assignments of error are overruled. The judgment of the Summit County
Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for
further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT


WHITMORE, P. J.
DICKINSON, J.
CONCUR.


APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.