[Cite as *State v. Williams*, 2013-Ohio-1026.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98261**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JASON WILLIAMS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-556668

**BEFORE:** Rocco, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** March 21, 2013

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th St., 2nd Floor
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   T. Allan Regas
         Anna M. Faraglia
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Jason Williams appeals the consecutive sentences imposed upon him after he pled guilty to various counts in the Cuyahoga County Court of Common Pleas. Williams contends that the trial court's imposition of consecutive sentences was contrary to law. For the reasons that follow, Williams's consecutive sentences are affirmed.

{¶2} On January 30, 2012, Williams was indicted in Cuyahoga County Case No. CR-556668 on 368 counts of rape, a first degree felony pursuant to R.C. 2907.02, with sexually violent predator specifications on each count, and three counts of kidnapping in violation of R.C. 2905.01, with sexual motivation and sexually violent predator specifications on each count. As part of a plea agreement, on March 19, 2012, Williams pled guilty to two counts of rape in violation of R.C. 2907.02(A), without the sexually violent predator specifications. On that same date, Williams also pled guilty to charges in two other cases. In Case No. CR-556698, Williams pled guilty to one count of burglary in violation of R.C. 2911.12(A)(4) and one count of theft in violation of R.C. 2913.02(A)(1), and in Case No. CR-557008, Williams pled guilty to attempted failure to provide notice of change of address in violation of R.C. 2923.02 and R.C. 2950.05(F)(1). In exchange for Williams's pleas, the state dismissed all other pending counts against Williams.

{¶3} Williams's sentencing hearing was held on April 3, 2012. Prior to sentencing, the trial court heard from the prosecutors, the rape victim, and Williams and his counsel. The trial court also indicated that it had reviewed a presentence investigation report and mitigation report from another case involving Williams.

{¶4} The rape counts against Williams stemmed from his repeated rape and physical abuse of his former girlfriend. The record reflects that over a period of several months, Williams beat and raped his former girlfriend repeatedly, threatening to kill her if she told anyone. Williams also stole various electronics from the home of John Jenkins. Jenkins, who was terminally ill, had previously taken Williams in and let Williams stay with him for a couple of weeks when Williams needed assistance. Williams later came back into Jenkins's house through an open door and stole the electronics, resulting in the theft and burglary charges in Case No. CR-556698.

{¶5} The trial court found that Williams had physically, emotionally, and/or economically harmed his victims and that his actions were particularly egregious in light of the mental condition of his rape victim and his abuse of prior relationships of trust to facilitate his crimes. The trial court further found that Williams had a long history of violent criminal violations, had a substantial history of non-compliance with community control sanctions, was likely to re-offend, and was dangerous and presented a risk to public safety.

{¶6} In Case No. CR-556668, the trial court sentenced Williams to five years in prison on the first rape count, and six years in prison on the second rape count, to run consecutively. In Case No. CR-556698, the trial sentenced Williams to one year in prison to run consecutively with the 11-year sentence on the two rape counts, and in Case No. CR-557008, the trial court sentenced Williams to two years in prison to be served concurrently with the other sentences, resulting in an aggregate prison term of 12 years.

**{¶7}** In sentencing Williams, the trial court stated on the record that it had considered the sentencing factors outlined in R.C. 2929.11 and 2929.12 and further stated that consecutive sentences were imposed "after a careful statutory sentencing analysis":

> The reason I'm imposing what I consider to be a hefty prison term of 12 years is because of you being a risk to our safety, public safety, because you are dangerous. * * * [T]he consecutive sentences were imposed after a careful statutory sentencing analysis where I believe the law warrants it and that the Court's finding is appropriate. I do understand that there have to be findings made, and I hope that the record indicates why, based on your violent history, based on the 2929.11 and 2929.12 sentencing analysis, protecting the public, public safety, and your dangerousness, that is why I imposed consecutive sentences.

**{¶8}** Williams appeals from the trial court's judgment in Case No. CR-556668 imposing consecutive sentences.

**{¶9}** Williams presents a single assignment of error:

> The trial court acted contrary to law when it imposed consecutive sentences without authority to do so under the Ohio Revised Code.

**{¶10}** Williams argues that his consecutive sentences were contrary to law because the trial court lacked a specific statutory basis for the imposition of consecutive sentences under R.C. 2929.41(A).

**{¶11}** R.C. 2929.41(A) sets forth a presumption that the sentencing court will impose concurrent sentences where an offender is sentenced to multiple prison terms for criminal offenses. At the time of Williams's sentencing on April 3, 2012, R.C. 2929.41(A) stated

> Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be

served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

**{¶12}** Thus, under R.C. 2929.41(A), as it existed at the time of Williams's sentencing, a defendant's sentence must be served concurrently with any other prison term unless one of the exceptions specified in R.C. 2929.41(A) — R.C. 2929.41(B), R.C. 2929.14(E), R.C. 2971.03(D), or R.C. 2971.03(E) — applies.

**{¶13}** It is undisputed that none of the listed exceptions applies to Williams or the offenses at issue. R.C. 2929.41(B) contains three subsections. R.C. 2929.41(B)(1) applies to misdemeanor sentences; R.C. 2929.41(B)(2) involves situations in which a defendant has been sentenced to a prison term by a court of another state or the United States in addition to the sentence imposed by the Ohio court; and R.C. 2929.41(B)(3) involves situations in which the defendant was convicted of certain vehicular felonies and related misdemeanors. R.C. 2971.03(D) and 2971.03(E) involve situations in which the defendant was found guilty of, or pleaded guilty to, offenses involving sexually violent predator specifications. R.C. 2929.14(E) provides: "The court shall impose sentence upon the offender in accordance with section 2971.03 of the Revised Code, and Chapter 2971 of the Revised Code applies regarding the prison term or term of life imprisonment without parole imposed upon the offender and the service of that term of imprisonment" if any of six enumerated conditions applies. Given that none of these exceptions applies, Williams argues that the trial court erred in imposing consecutive sentences.

**{¶14}** As this court has previously held, however, R.C. 2929.41(A), as it existed at the time of Williams's sentencing, contained a legislative scrivener's error. *State v. Ryan*, 8th

Dist. No. 98005, 2012-Ohio-5070, ¶ 19, 22; *State v. Walker,* 8th Dist. No. 97648, 2012-Ohio-4274, ¶ 81, fn.2. In 2011 Am.Sub.H.B. No. 86 ("H.B. 86"), the General Assembly amended R.C. 2929.14 and 2929.41(A) "to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 270."

{¶15} Prior to H.B. 86, R.C. 2929.14(E)(4) required the trial court to make specific factual findings prior to imposing consecutive sentences. In *Foster*, the Ohio Supreme Court held that this statutory requirement violated the United States Constitution and severed it from the statute. *Id.* at ¶ 99-102.

{¶16} Several years later, the United States Supreme Court decided *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), in which it upheld a statute requiring judicial fact-finding before imposing consecutive sentences. In *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 36, the Ohio Supreme Court addressed the impact of *Ice* on the statutory provisions severed in *Foster,* holding that *Ice* did not revive the former consecutive-sentencing statutory provisions that were held unconstitutional in *Foster* and that "the consecutive-sentencing statutes severed by *Foster* * * * remain null and of no effect absent an affirmative act of the General Assembly."

{¶17} In response to *Hodge,* the General Assembly enacted H.B. 86. When the legislature revived the language of former R.C. 2929.14(E)(4) in H.B. 86, it renumbered the statute as R.C. 2929.14(C)(4). The legislature, however, initially failed to reflect this change in R.C. 2929.41(A). As a result, at the time of Williams's sentencing, R.C. 2929.41(A) identified

R.C. 2929.14(E), rather than R.C. 2929.14(C), as one of the exceptions to the general rule that sentences shall run concurrently. *Ryan,* 2012-Ohio-5070 at ¶ 18-19. The legislature has since corrected this error. In 2012 Am.Sub. 337, effective September 28, 2012, the legislature amended R.C. 2929.41(A) to correct the improper reference to R.C. 2929.14(E). R.C. 2929.41(A) now refers to R.C. 2929.14(C).

{¶18} As this court explained in *Ryan*, the conclusion that R.C. 2929.41(A)'s reference to R.C. 2929.14(E), rather than 2929.14(C), was an error is readily apparent from a reading of the statute:

> Given that R.C. 2929.41(A) already referred to specific subsections of R.C. 2971.03, the further reference to R.C. 2929.14(E), which points to other portions of R.C. 2971.03, appears to be surplusage. * * * [C]ourts must avoid statutory interpretations that render any part of a statute "surplusage or nugatory." *Ryan,* 2012-Ohio-5070 at ¶ 15, citing *Westgate Ford Truck Sales, Inc. v. Ford Motor Co.*, 8th Dist. No. 96978, 2012-Ohio-1942, 971 N.E.2d 967, ¶ 14.

{¶19} Further, in Section 11 of H.B. 86, the Ohio legislature clearly stated its legislative intent in amending R.C. 2929.14 and R.C. 2929.41:

> In amending division (E)(4) of section 2929.14 and division (A) of section 2929.41 of the Revised Code in this act, it is the intent of the General Assembly to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. The amended language in those divisions is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S. Ct. 711, 172 L. Ed. 2d 517, and the Ohio Supreme Court's decision in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, and, although constitutional under *Hodge*, supra, that language is not enforceable until deliberately revived by the General Assembly.

{¶20} Williams argues that the "Rule of Lenity precludes other interpretations of the clear statutory language" in R.C. 2929.41(A), as it existed at the time of his sentencing, and that under

R.C. 2901.04(A), "[a]ny question that exists due to a conflict" between R.C. 2929.41(A), which limits the exceptions to concurrent sentences to those specified in R.C. 2929.41(B), R.C. 2929.14(E), R.C. 2971.03(D), and R.C. 2971.03(E), and "any other section [of the Revised Code], including laws authorizing consecutive sentences in 2929.14, must be resolved in favor of [Williams]." We disagree.

**{¶21}** This court previously considered — and rejected — a nearly identical argument in *Ryan*, as follows:

> After reaching the conclusion that the legislature erred, the next question is whether we may apply the statute as the legislature intended it to be applied, rather than according to the literal text of the statute. R.C. 2901.04(A) states that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." As noted by this court in *State v. Virasayachack*, 138 Ohio App.3d 570, 741 N.E.2d 943 (8th Dist.2000), "[o]rdinarily, we must presume the legislature means what it says; we cannot amend statutes to provide what we consider a more logical result." *Id.* at 574, 741 N.E.2d 943. However, *Virasayachack* also reasoned that:

> when the terms of the statute, as written, would never be applicable, and the simple substitution of one character would result in a term that would always be applicable, we must conclude that the statute contains an obviously typographical error, and we may correct the error and give effect to the obvious intent of the statute. *Id.* at 574, 741 N.E.2d 943, citing *Brim v. Rice*, 20 Ohio App.2d 293, 295-296, 253 N.E.2d 820 (1st Dist.1969). Additionally, in *State v. Gomez*, 9th Dist. Nos. 25496 and 25501, 2011-Ohio-5475, the court held that:

> [w]hen it appears beyond a doubt that a statute, when read literally as printed, is impossible of execution, *or will defeat the plain object of its enactment*, or is senseless, or leads to absurd results or consequences, a court is authorized to regard such defects as the result of error or mistake, and to put such construction upon the statute as will correct the error or mistake by permitting the clear purpose and manifest intention of the Legislature to be carried out. (Emphasis added and internal citation omitted.) *Id.* at ¶ 30.

> This court is further persuaded by the words of the United States Supreme Court in *Chickasaw Nation v. United States*, 534 U.S. 84, 122 S.Ct. 528, 151 L.Ed.2d 474 (2001). In that case, the court noted that "canons [of statutory interpretation] are not mandatory rules. They

are guides that need not be conclusive" and are intended to assist courts in determining the legislative intent underlying a statute. (Internal quotation marks and citation omitted.) *Id.* at 94, 122 S.Ct. 528, 151 L.Ed.2d 474. To the extent that the appellant's strictly textual reading of R.C. 2929.41(A) and appellant's rule of lenity argument runs contrary to the legislative intent evinced by Section 11 of H.B. 86, those arguments cannot be allowed to overcome the intent of the legislature.

The principles referenced in *Chickasaw Nation* and the precedents of *Virasayachack* and *Gomez* lead us to conclude that we are empowered to "correct" the typographical error caused by the amendments contained in H.B. 86 in order to effectuate the legislative intent of the General Assembly. * * *
*Ryan,* 2012-Ohio-5070 at ¶ 20-22.

**{¶22}** "'Lenity is reserved for those situations in which a reasonable doubt persists about a statute's intended scope even after resort to the language, structure, legislative history, and motivating policies of the statute.'" *State v. Hess*, 2d Dist. No. 25144, 2013-Ohio-10, ¶ 18, citing *United States v. Warren*, 149 F.3d 825, 828 (8th Cir.1998). Here, no such doubts persist. In this case, it is clear that the Ohio legislature intended to reference R.C. 2929.14(C), rather than R.C. 2929.14(E), in identifying the exceptions to the general rule that sentences shall run concurrently. The rule of lenity should not be applied "to defeat the obvious intention of the legislature." *Id.* This court will not reverse Williams's consecutive sentences due to a legislative scrivener's error "when the legislature's intent in enacting [H.B. 86] was clear." *State v. Bushner*, 9th Dist. No. 26532, 2012-Ohio-5996, ¶ 24, citing *State v. Walker,* 8th Dist. No. 97648, 2012-Ohio-4274, ¶ 81, fn.2.

**{¶23}** In this case, the trial court properly determined that it could impose consecutive sentences on Williams under R.C. 2929.14(C)(4). R.C. 2929.14(C)(4) provides, in relevant part:

If multiple prison terms are imposed on an offender for convictions of

multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

* * *

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶24}** The record indicates that the trial court considered all the relevant statutory factors and made the requisite factual findings in imposing consecutive sentences on Williams. The trial court found that Williams was likely to re-offend, that Williams had a long history of criminal violations, and that the mental condition of his rape victim, the physical, emotional, and economic harm sustained by his victims, and Williams's prior relationships with his victims and abuse of positions of trust to facilitate to crimes "render[ed] [Williams's] conduct more serious" than conduct that ordinarily constitutes the offenses with which he was charged. The trial court further found that, as a result of his "long history of violent criminal violations," Williams was dangerous and "a risk to * * * public safety."

**{¶25}** Williams does not challenge any of the trial court's findings supporting its imposition of consecutive sentences. Accordingly, we conclude that the trial court did not err in imposing consecutive sentences. Williams's assignment of error is overruled.

**{¶26}** Williams's sentences are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's sentences having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentences.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR